UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                  :

ANTONIO CASTELLANO, AS ADMINISTRATOR    :
OF THE ESTATE OF MICHAELANGELO         :
CASTELLANO, AND VITO CASTELLANO,      :
                                  :

                Plaintiffs,             :         13-cv-03390 (NSR)
     -against-                     :      OPINION AND ORDER
                                  :

JP MORGAN CHASE BANK, N.A., U.S. BANK   :
NATIONAL ASSOCIATION, AS TRUSTEE,      :
SUCCESSOR IN INTEREST OF BANK OF AMERICA, :
NATIONAL ASSOCIATION AS TRUSTEE AS     :
SUCCESSOR BY MERGER TO LASALLE BANK   :
ASSOCIATION, AS TRUSTEE FOR          :
CERTIFICATEHOLDERS OF BEAR STEARNS ASSET :
BACKED SECURITIES 1 LLC, ASSET-BACKED   :
CERTIFICATES, SERIES 2005-FR1, EMC MORTGAGE :
CORPORATION, MORTGAGE ELECTRONIC     :
REGISTRATION SYSTEMS, INC. ("MERS")     :
STEVEN J. BAUM, STEVEN J. BAUM, P.C.,    :
JOHN DOES No. 1 and JANE DOE No. 1, being fictitious, :
all unknown persons or entities, claiming any legal or  :
equitable right, title, estate, lien, or interest in the property  :
described in the complaint adverse to Plaintiffs' Title, or  :
any Cloud on Plaintiffs' title thereto are being,    :
                                  :

                Defendants.         :
------------------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

       Antonio Castellano, as Administrator of the Estate of Michaelangelo Castellano, and Vito

Castellano (together, "Plaintiffs") filed this action against Defendants JP Morgan Chase Bank,

N.A., U.S. Bank National Association, as Trustee Successor in Interest of Bank of America,

National Association as Trustee as Successor by Merger to LaSalle Bank Association, as Trustee

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3|13|2014

1

for Certificate Holders of Bear Stearns Asset Backed Securities 1 LLC, Asset-Backed

Certificates, Series 2005-FR 1, EMC Mortgage Corporation, and Mortgages Electronic

Registartaion System, Inc. ("MERS") (collectively, "Foreclosure Defendants"), Steven J. Baum,

and Steven J. Baum, P.C. (collectively, "Baum Defendants") on February 22, 2013 in the

Supreme Court of the State of New York, Westchester County. Plaintiffs assert: (1) breach of

contract; (2) breach of contract – voidable mortgage; (3) fraud; (4) wrongful foreclosure; (5)

wrongful foreclosure – having no legal right to foreclose; (6) wrongful foreclosure – not in

compliance with Real Property Actions and Proceedings Law ("RPAPL") §§ 1303, 1304 and

1306; (7) wrongful foreclosure; (8) wrongful foreclosure – violation of state banking laws; (9)

violation of the Federal Truth in Lending Act ("TILA") § 102 et seq., and NY General Business

Law § 349(a); (10) violations of the Fair Credit and Reporting Act ("FCRA"); (11) negligence;

(12) negligence; (13) breach of the implied covenant of good faith and fair dealing; and (14)

unjust enrichment. The Foreclosure Defendants removed the action from state court on May 20,

2013 pursuant to 28 U.S.C. § 1441(b). On August 20, 2013, the Supreme Court, Westchester

County issued a temporary restraining order in the Foreclosure Action and stayed all proceedings

pending the outcome in this case.  Currently before the Court is the Foreclosure Defendants'

motion to dismiss for lack of subject matter jurisdiction, failure to state a claim, or judgment on

the pleadings, as well as the Baum Defendants' motion to dismiss for failure to state a claim and

lack of subject matter jurisdiction.  For the following reasons, the motions are GRANTED.

## I.  Background

On June 30, 1978, Vito Castellano and Michaelangelo Castellano purchased the premises

located at 196 Midland Avenue, Tuckahoe, New York, 10707, designated as Section 25, Block 2

and Lot 1B on the tax map.  At the time of purchase, a deed of sale was issued to Michaelangelo

2

and Vito Castellano as tenants in common, with each having a one-half undivided interest in the property.  Pl. Compl. ¶ 2.  On April 15, 2005, Fremont Investment & Loan issued a Note and Mortgage in the amount of $100,000 to Vito Castellano, in which Michaelangelo Castellano did not join. *Id* at ¶ 4, 14.

A foreclosure action was commenced on February 28, 2007 in the Supreme Court of the State of New York, County of Westchester, Index Number 3387/2007, entitled *LaSalle Bank National Association, As Trustee for Certificateholders of Bear Stearns Asset-Backed Securities I LLC, Asset-Backed Certificate, Series 2005-FR1 C/O EMC Mortgage Corporation v. Vito Castellano, Michaelangelo Castellano, Tina Castellano, John Doe 1 and John Doe 2* (hereinafter, "Foreclosure Action").  *Id* at ¶ 20. Steven J. Baum, P.C. acted as counsel for plaintiffs in the Foreclosure Action. *Id*. The claims asserted were for a judgment of foreclosure against Vito Castellano, for reformation of the mortgage to include Michaelangelo Castellano as a mortgagor, and for an equitable lien against the property.  *Id* at ¶ 21. Defendants Michaelangelo Castellano and Vito Castellano answered the complaint with two affirmative defenses: (1) the claims against Michaelangelo Castellano were barred by the statute of frauds and (2) the complaint failed to state a claim against Michaelangelo Castellano. *Id* at ¶ 23; Pollack Dec. Ex. C. Thereafter, Steven J. Baum, P.C. filed a motion for summary judgment and for an order of reference which sought to discontinue the second and third claims and to dismiss Michaelangelo Castellano from the case. Compl. ¶ 25; Pollack Dec. Ex. D.

The Castellanos opposed the summary judgment motion, and in doing so stated in an affirmation that it was not proper to dismiss Michaelangelo Castellano from the action.[1] Pollack

---

[1] The Castellano's attorney asserted: "[P]laintiff also seeks an order dismissing the entire action as against Michaelangelo. This is not proper." Vito Castellano stated: "Michaelangelo is a necessary party to this action and discontinuance against him, is improper and may affect the sales price at foreclosure." Pollack Dec. Ex. E.

Dec. Ex. E. Plaintiff submitted a reply affirmation in which it stated to the court that it was willing to dismiss the Complaint as against Michaelangelo Castellano and proceed only against Vito Castellano.  *Id* at Ex. F. On September 12, 2008, the court issued its decision and sided with the Castellanos, stating, "Defendants correctly argue that said defendant [Michaelangelo Castellano], who is named on the subject deed, is a necessary party." *Id* at Ex. G. The court granted the relief requested in the summary judgment motion, including for judgment of foreclosure, as unopposed. *Id*. No appeal was taken from this order. On December 22, 2008, plaintiffs served a Notice of Entry of the Summary Judgment Order and on March 9, 2009, filed a Motion for Execution of Judgment of Foreclosure and Sale. *Id* at Ex. H. On September 24, 2009, the Castellanos opposed the Motion for Execution of Judgment of Foreclosure and Sale stating, "Michaelangelo Castellano is not a proper party defendant and plaintiff has already admitted this."  *Id* at Ex. I. This position was contradictory to the position taken by defendants in opposition to the summary judgment motion. On October 29, 2009, the court granted the motion for judgment of foreclosure and sale. It stated, "Defendants' objection herein is based solely on Michaelangelo Castellano's inclusion as a named defendant is without merit, particularly given that in opposition to plaintiff's earlier summary judgment motion, defendants had then argued, and this Court had agreed, that Michaelangelo Castellano is a necessary party." *Id* at Ex. K.

## II.  Legal Standards

### a.   12(b)(1) Motion to Dismiss Standard

On a motion to dismiss for "lack of subject matter jurisdiction," Fed. R. Civ. P. 12(b)(1), dismissal of a case is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

### b.  12(b)(6) Motion to Dismiss Standard

On a motion to dismiss for "failure to state a claim upon which relief can be granted,"

Fed. R. Civ. P. 12(b)(6), this Court accepts all factual allegations in the complaint as true and

draws all reasonable inferences in the plaintiff's favor.  *Ruotolo v. City of N.Y.*, 514 F.3d 184,

188 (2d Cir. 2008).  Dismissal is proper unless the complaint "contain[s] sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007));

*accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).  "Although for the purposes of a

motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is]

'not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Iqbal*, 556 U.S.

at 678 (quoting *Twombly*, 550 U.S. at 555).

The materials that may be considered on a motion to dismiss are limited to "the facts

asserted within the four corners of the complaint, the documents attached to the complaint as

exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun &

Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court may also consider "matters of

which judicial notice may be taken," *Brass v. Am. Film Techs., Inc*., 987 F.2d 142, 150 (2d Cir.

1993), which includes documents filed in other courts. *See*, *World Wrestling Entm't, Inc. v. Jakks*

*Pac. Inc.*, 425 F. Supp. 2d 484, 508 n. 16 (S.D.N.Y. 1999) ("the Court properly can take judicial

notice of the filings and the October 16, 2003 Order in the Connecticut state court action."); *see*

*also Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983) ("[F]ederal courts

may also take notice of proceedings in other courts, both within and outside of the federal

judicial system, if the proceedings have a direct relation to matters at issue.").

Fed. R. Civ. P. 12(b)(6) warrants dismissal of a claim under the doctrine of *res judicata* where "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000).

### III. Discussion

#### a. *Rooker-Feldman* Doctrine

The Baum defendants assert that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine which precludes Federal review of state court determinations. To apply the *Rooker-Feldman* doctrine, the court must find that the following four requirements are met:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must 'complain[] of injuries caused by [a] state-court judgment[.]' Third, the plaintiff must 'invit[e] district court review and rejection of [that] judgment[].' Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced'—i.e., *Rooker–Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

*Holblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Chestnut v. Wells Fargo Bank, N.A.*, No. 10–CV–4244 (JS)(ARL), 2011 WL 838914, at *2 (E.D.N.Y. Mar. 2, 2011). "Courts in this Circuit have consistently held that a plaintiff who lost possession of his home in a state court foreclosure proceeding is barred by the *Rooker–Feldman* doctrine from attacking the state court judgment in federal district court." *Gray v. Americredit Fin. Servs., Inc.*, No. 07 Civ. 4039(SCR)(MDF), 2009 WL 1787710, at *4 (S.D.N.Y. Jun. 23, 2009).

Under the third prong of the *Rooker-Feldman* doctrine, the plaintiff must "invite" district court review of the state court determination. Here, Plaintiffs commenced in state court, and therefore seemingly did not "invite" review by a federal court. The action is presently in federal

6

court because it was removed from state court by the Foreclosure Defendants. Only the Baum Defendants assert that the *Rooker-Feldman* doctrine applies. The First Circuit and the Eastern District of Michigan have addressed this exact issue and found that even though a plaintiff commenced the case in state court, because the *Rooker-Feldman* doctrine is jurisdictional in nature, the Court is forced to remand if the doctrine is otherwise applicable. *See Mills v. Harmon Law Offices, P.C.*, 344 F.3d 42, 45–46 (1st Cir. 2003); *Battah v. ResMAE Mortg. Corp.*, 746 F. Supp. 2d 869, 874 (E.D. Mich. 2010) ("*Rooker–Feldman* doctrine is jurisdictional in nature, and the words of § 1447(c) are unambiguous. Because the Court lacks jurisdiction over Plaintiff's Counts I–IV, it must remand them and is precluded from addressing the Bank Defendants arguments and dismissing these claims on their merits."). Although the court in *Battah* noted that "the 1st Circuit in *Mills* does not clearly state whether or not it is even proper for a defendant to remove a case to federal court only to then claim the court lacks subject matter jurisdiction pursuant to *Rooker–Feldman*," it proceeded to remand the claims barred by the doctrine nonetheless. *Battah*, 746 F. Supp. 2d at 874.

The Court need not reach this issue, however, because it finds that the claims are barred by the doctrine of *res judicata*, collateral estoppel, and for failure to state a claim.

### b.  Res Judicata

"Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding." *Goldstein v Massachusetts Mut. Life Ins. Co.*, 32 A.D.3d 821, 821, 820 N.Y.S.2d 852, 853 (2d Dep't 2006); *see also Ruiz v. Comm'r of Dep't of Transp. Of City of New*

7

*York*, 858 F.2d 898, 902 (2d Cir. 1988) ("[A]s to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein and any subsequent action." (quoting *Gramatan Home Investors Corp. v. Lopez*, 46 N.Y.2d 481, 485 (1979)). In New York, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Gianatasio v. D'Agostino*, 862 F. Supp. 2d 343, 348 (S.D.N.Y. 2012) (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981)). The criteria for *res judicata* to apply are that the first determination must have been a final judgment that was on the merits by a court of competent jurisdiction in a case involving the same parties or their privies and which involved the same cause of action. *Gabriele v. American Home Mortg. Servicing, Inc.*, 503 Fed. App'x 89, 93 (2d Cir. 2012).

Both the Baum Defendants and the Foreclosure Defendants assert *res judicata* as barring all of the claims brought by Plaintiffs in the instant action because all of the claims were litigated, or could have been litigated in the Foreclosure Action. "'A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action.'" *Signature Bank v. Epstein*, 95 A.D.3d 1199, 1200, 945 N.Y.S.2d 347 (2d Dep't 2012) (quoting *Long Is. Sav. Bank v Mihalios*, 269 A.D.2d 502, 503, 704 N.Y.S.2d 483 (2d Dep't 2000)).

The first claim is that Defendants breached their contract with Vito Castellano by increasing his monthly mortgage payments. This claim arises out of the same transaction as was litigated in the Foreclosure Action.

8

The second cause of action is that the mortgage was void because MERS did not have the legal capacity to assign the mortgage and substitute a trustee. This claim, too, arises out of the same transaction as was litigated in the Foreclosure Action.

The third cause of action for fraud is based on the fact that recording the mortgage was fraudulent. The fourth cause of action states that there was material misrepresentations in the complaint in the foreclosure action, the purpose of which was to induce the court to issue a foreclosure as to the entire premises. Both of these claims were known to Plaintiffs at the time the Foreclosure Action was filed and could have been asserted in that action. *See Cafferty v. Cahill*, 53 A.D.3d 1007, 863 N.Y.S.2d 119 (3d Dep't 2008) *(*"This is also true of plaintiffs' allegations that defendants fraudulently concealed certain facts and violated various ethical standards during the course of the prior proceeding.").

The fifth cause of action states that there was no legal standing to commence a foreclosure action against the property because Defendants were not the holder or assignee of the Mortgage and Note before filing the Foreclosure Action. The seventh cause of action alleges essentially the same claim – that the foreclosure was wrongful because none of the Defendants owned the loan or corresponding note and were therefore not the trustees or assignees of the original note. "[A]n argument that a plaintiff lacks standing, if not asserted in the defendant's answer or in a pre-answer motion to dismiss the complaint, is waived pursuant to CPLR 3211(e) . . . ." *Wells Fargo Bank Minn., Nat'l Ass'n v. Mastropaolo*, 42 A.D.3d 239, 243, 837 N.Y.S.2d 247, 250 (2d Dep't 2007); *see also Citizens Bank of Appleton City, Mo. v. C.L.R. Brooklyn Realty Corp.*, 5 A.D.3d 528, 772 N.Y.S.2d 870 (2d Dep't 2004) (claims that neither of the named plaintiffs in the foreclosure action had an interest in the mortgage at the time the action was

9

commenced were or should have been raised in the context of the earlier foreclosure proceeding).

The sixth cause of action states that Defendants failed to provide notice under the RPAPL regarding information and assistance about the foreclosure process. The eighth cause of action is for a violation of the state banking laws regarding notice. Both of these claims could have been asserted in the Foreclosure Action as an affirmative defense or in opposition to the summary judgment motion or motion for foreclosure and sale. Lack of notice – either under the federal statute or state banking laws – was not raised at any point in the Foreclosure Action.

The ninth cause of action is for violation of the TILA and New York Gen. Bus. L. § 349(a) stemming from Defendants' allegedly fraudulent acts with respect to the mortgage and mortgage payments. This claim could have been litigated in the Foreclosure Action.

The eleventh cause of action alleges that Defendants were negligent in servicing the loan by *inter alia* failing to properly and accurately credit payments Vito Castellano made toward the loan, preparing and filing false documents, and foreclosing on the property without having the authority to do so. The twelfth claim asserts that Defendants were negligent in failing to recognize that the mortgage should have been against only one-half of the subject property and not the entire property. The thirteenth cause of action asserts that Defendants breached the implied covenant of good faith by failing to properly apply payments made by Vito Castellano to the note. The issue of the Defendants foreclosing on the entire property instead of one-half of the interest was an issue that was explicitly litigated in state court.  The Castellanos took varying positions regarding this issue in the state court, which the judge recognized. Defendants even volunteered to discontinue the action against Michaelangelo Castellano and proceed only as against Vito Castellano's interest, but the state court judge disagreed with such a position. If

there was an error made, or if Plaintiffs were not pleased with the result, their remedy should have been to file an appeal from the state court decisions, not to commence a new action.

It is clear that all of the claims asserted in the Complaint are claims that were either litigated in the Foreclosure Action or could have been litigated in the foreclosure action. *Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 422 (S.D.N.Y. 2008) ("Plaintiffs are clearly seeking alternative relief in federal court based on the same series of transactions involved in the foreclosure proceeding. . . . If plaintiffs were unhappy with the result of that proceeding, the proper recourse was a state court appeal."). Each of the claims arises out of Defendant's dealings with the mortgage. *See Drew v. Chase Manhattan Bank, N.A.*, No. 95 Civ. 3133(JGK), 1998 WL 430549, at *7 (S.D.N.Y. Jul. 30, 1998) ("[A state court] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded." (quoting *Gray v. Bankers Trust Co.*, 82 A.D.2d 168, 442 N.Y.S.2d 610, 612 (3d Dep't 1981)). This includes the claims of fraud. *See, e.g.*, *Cafferty v. Cahill*, 53 A.D.3d 1007, 863 N.Y.S.2d 119 (3d Dep't 2008) ("[P]laintiffs' allegations that defendants fraudulently concealed certain facts and violated various ethical standards during the course of the prior proceeding" should have been raised in prior foreclosure proceeding). As these issues have already been litigated and decided, or should have been litigated in the prior action because they arose out of the same transaction or series of transactions, they are barred by the doctrine of *res judicata*.

Plaintiffs assert that *res judicata* should not apply for the following reasons: the application of the doctrine would be unfair; Plaintiffs had ineffective counsel in the Foreclosure Action and Michaelangelo Castellano was ill at the time; *res judicata* does not apply in cases of fraud; Plaintiffs' claims could not have been litigated in the prior action because they occurred

subsequent to the commencement of the Foreclosure Action; and, the Foreclosure Action was not litigated on the merits. The thrust of most of these arguments is that the Foreclosure Action should not have proceeded against Michaelangelo Castellano.

The Court may decline to apply the doctrine of *res judicata* where the result would be unfair, *see, e.g.*, *Voutsis v. Union Carbide Corp.*, 452 F.2d 889 (2d Cir. 1971), however, there is no basis for the Court to decline to do so here. Plaintiffs' argue that the result would be unfair because the state court misapprehended the facts. This issue was explicitly litigated in state court. Although Plaintiffs took varying positions on that issue in state court, the Supreme Court, Westchester County decided that issue on the merits and there is no reason why any of Plaintiffs' arguments should bar this court from asserting the doctrine of *res judicata*. Again, Plaintiffs' remedy, if they disagreed, was to appeal from the state court decision. Plaintiffs argue that the Foreclosure Action was not decided on the merits because the issues raised here received "little or no attention in the foreclosure suit." *See Schwartz v. Public Administrator of Bronx Cnty.*, 24 N.Y.2d 65, 72 (1967) (the "extent of the litigation" was one factor the court looked to in determining whether to apply the doctrine of collateral estoppel). Plaintiffs' argument is misplaced, however, because the issue of whether Michaelangelo Castellano was a proper party to the Foreclosure Action was clearly raised, litigated, and decided by the state court.

Plaintiffs also state that *res judicata* should not be applied because Plaintiffs' counsel in the state court action was ineffective and because Michaelangelo Castellano was ill at the time, which Plaintiffs' assert did not result in the "first action [being] defended with full vigor and an opportunity to be heard." *B.R. DeWitt, Inc. v. Hall*, 19 N.Y.2d 141, 148 (1967). Plaintiffs proffer their state court counsels' subsequent criminal indictment as a reason why Plaintiffs' interests

12

were not fully represented in the state court. There are no facts asserted here that link the criminal conviction to the failure to adequately represent Plaintiffs' interests at the state court. If Plaintiffs believe that they were not adequately represented, they could have pursued claims against their previous counsel, rather than restating the same claims their previous counsel allegedly failed to adequately litigate.

To the extent that Plaintiffs allege that the Complaint alleges that Defendants acted improperly or fraudulently during the Foreclosure Action "such claims were or should have been raised in the context of the earlier foreclosure proceeding." *Cafferty v. Cahill*, 53 A.D.3d 1007, 863 N.Y.S.2d 119 (3d Dep't 2008) ("[P]laintiffs' allegations that defendants fraudulently concealed certain facts and violated various ethical standards during the course of the prior proceeding" should have been raised in the earlier action.). Plaintiffs state that some of the fraudulent actions took place following the commencement of the state court action and that although Plaintiffs could have asserted those claims in the Foreclosure Action by way of amendment, they were not obligated to do so. *Cite*. Specifically, Plaintiffs look to their claims of fraud, negligence, and unjust enrichment as not arising from the same transaction or series of transactions as was litigated in the Foreclosure Action. However, the Complaint points to the same set of facts – that Michaelangelo Castellano's "property should not have been part of the foreclosure" – for the basis of these claims as was raised in the Foreclosure Action.

The application of *res judicata* here comports with the rationale behind the doctrine. The purpose of the doctrine of *res judicata* is to "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892

13

(2008) (citation and alterations omitted). If plaintiffs were permitted to raise issues that were or could have been raised in a previous action, there is the potential that "an end could never be put to litigation." *San Remo Hotel, L.P. v. City and Cnty. of San Francisco, California*, 545 U.S. 323, 337 (2005) (citation omitted).

### c.  Collateral Estoppel

"For collateral estoppel to bar a party from litigating an issue in a second proceeding, '(1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits.'" *Cameron v. Church*, 253 F. Supp. 2d 611, 618 (S.D.N.Y. 2003) (quoting *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir. 1986)).

The claims discussed above relating to foreclosure on Michaelangelo Castellano's interest in the property are barred by the doctrine of collateral estoppel. This issue was actually litigated and decided by the state court. Plaintiffs had a full and fair opportunity to litigate the issue, which they did. Any argument that there was inadequate counsel is not adequately supported by the facts in the Complaint. The state court's finding was necessary to support its final judgment.  Thus, Plaintiffs are estopped from relitigating these issues.

### d.  FCRA Claim

The sole surviving claim not barred by the doctrines of *res judicata* or collateral estoppel is Plaintiffs' tenth cause of action is for violation of the FCRA for reporting "false, negative information" on Vito Castellano's credit report. The FCRA has two provisions governing the duties of credit furnishing agencies.  Under subsection (a) of 15 U.S.C. § 1681s-2, furnishers of

14

credit information must report accurate credit information. 15 U.S.C. § 1681s-2(a). There is no private right of action under this section. *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) ("Although we have not previously addressed whether the Fair Credit Reporting Act provides a private cause of action for violations of § 1681s–2(a), the statute plainly restricts enforcement of that provision to federal and state authorities.").

Subsection (b) imposes a duty on furnishers of credit information after being notified of a dispute. 15 U.S.C. § 1681s-2(b). "Section 1681s–2(b) takes effect once the reporting person 'receiv[es] notice pursuant to section 1681i(a)(2) . . . of a dispute with regard to the completeness or accuracy of any information provided.'" *Elmore v. North Fork Bankcorporation, Inc.*, 325 F. Supp. 2d 336, 340 (S.D.N.Y. 2004) (quoting 15 U.S.C. § 1681s-2). This subsection requires that a plaintiff allege that there was a dispute in order to trigger the duties of this section. *See, e.g.*, *Gorman v. Experian Info. Solutions, Inc.*, No. 07 CV 1846(RPP), 2008 WL 4934047, at *8 n. 9 (S.D.N.Y. 2008) ("A plaintiff must produce evidence from which a reasonable trier of fact could infer that the inaccurate entry was a 'substantial factor' that brought about the denial of credit."). The Complaint asserts only that there was false information reported but there is no evidence that Defendants were notified. Plaintiffs, therefore, fail to state a claim under the FCRA.

## Conclusion

In conclusion, the Court GRANTS the Baum Defendants' motion to dismiss and GRANTS the Foreclosure Defendants' motion to dismiss. The Clerk of Court is directed to terminate the motions, Docket Nos. 14 & 21, and close this case.

Dated:     March *13*, 2014                              SO ORDERED:
           White Plains, New York

                                                   _____
                                                   NELSON S. ROMÁN
                                                   United States District Judge

16